Same
v.
Same.

*By the Court*, SUTHERLAND, J. A defendant who is let in to defend in a case like this, is bound to plead, although not served with a copy of the declaration. It is his business to seek it, and the plaintiff is not bound to furnish it, having already his judgment duly entered, and allowed by the court to stand as security for his debt.

---

## SAME *vs.* SAME.

*In a suit against an attorney, where the notice is affixed in the clerk's office, double the usual time of pleading must be allowed before entry of the rule for default.*

MOTION to set aside a default for irregularity. The notice of the rule to plead was affixed in the clerk's office, and the default of the defendant entered previous to the expiration of *double* the usual time for pleading. The defendant, on an affidavit that he is an attorney of this court, although arrested on a capias, moved to set aside the default. It appeared that the defendant had no agent at Utica, where the declaration was filed and notice affixed.

Defendant, in pro. per.

*J. A. Spencer*, contra.

*By the Court*, SUTHERLAND, J. The defendant, being an attorney of this court, was entitled to the service of papers and notices in the same manner as if he had appeared as the attorney of another. Had he so appeared, the plaintiff, finding he had no agent at the place where he filed his papers and affixed the notice to plead, would have been obliged to have given the defendant double the usual time for pleading. So, in this case, he should have permitted forty days to have elapsed before he entered the defendant's default. Not having done so, the plaintiff's proceedings are irregular, and must be set aside.

UTICA,
August, 1829.

Meech
v,
Churchill.

ANON.

Common bail can be filed by a plaintiff only in a bailable action.

THE Court set aside a judgment for irregularity, on the ground that in a non-bailable action, the plaintiff had filed common bail for a defendant, who had neither endorsed his appearance on the capias, or otherwise appeared in the suit. The judgment was set aside, because the statute allows common bail to be filed only in cases where special bail can be demanded.

---

## MEECH vs. CHURCHILL.

A plaintiff who sues the maker of a note and a guarantee of the same, is entitled to full costs in each suit.

QUESTION as to costs. The defendant transferred to the plaintiff a promissory note he held against one Metzger, and by an endorsement on the note, guaranteed the payment of the same. The plaintiff commenced two suits ; one against the maker of the note, and the other against the defendant on the guaranty. He recovered judgment in both suits, and obtained satisfaction of the damages and costs in the suit against Metzger, and issued an execution *for the costs only* in the suit against the defendant, who offered to pay the *disbursements*, but objected to pay a full bill of costs.

*S. Matthews*, for defendant.

*A. Samson*, contra.

*By the Court*, SAVAGE, Ch. J. This motion is made under the impression that this case comes within the purview of the act, (*Statutes, 4th vol.* 280, *c.*) which allows but one full bill of costs, where several suits are brought on the same instrument or note. The statute does not apply to this case; the suits were not on the *same* instrument or note. The *guaranty* is a separate, distinct contract from the *note*, and the plaintiff is entitled to his full costs. The motion is denied with costs.